IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD ARNOLD WARREN, JR.,

        Petitioner,

v.                                 CASE NO. 23-3251-JWL

JEFF EASTER,

        Respondent.

**MEMORANDUM AND ORDER**

This pro se habeas matter, filed by state prisoner Edward Arnold Warren, Jr., is before the Court on Petitioner's motion for production (Doc. 5), motion for transportation (Doc. 6), and motion for payment of transcripts (Doc. 7). The Court notes that Petitioner has until January 5, 2024 to respond to the notice and order to show cause (Doc. 4) issued on November 29, 2023; if he fails to do so, Grounds Two and Three of this matter will be dismissed and the matter will proceed only on Ground One.

In Petitioner's motion for transportation (Doc. 6), he seeks an order directing that he be transported to the Sedgwick County Adult Detention Facility (SCADF) until this federal habeas matter is resolved. The motion will be denied. Petitioner provides no legal authority supporting the idea that this Court, which is a federal court, can or should interfere in the State of Kansas' decisions about where to house prisoners in Kansas custody. Although this Court is authorized in certain circumstances to grant federal habeas relief to state prisoners and order a prisoner's release from state custody, the Court knows of no authority under which it is authorized to decide the location in which state prisoners will be housed while in state custody. Additionally, Petitioner provides no explanation as to why he prefers to be housed at the SCADF.

Petitioner also requests in this motion that he be personally present at all hearings in this

matter. Under Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court will determine whether an evidentiary hearing is warranted by "review[ing] the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7."[1] This matter is still in the initial screening phase and no hearing is currently anticipated in this matter. Thus, a request to be personally present at a hearing is premature and will be denied. If a hearing is required in this matter, Petitioner may renew his motion.

Petitioner's two remaining motions relate to his desire for transcripts and records from the two state criminal cases related to this federal habeas matter. In his motion for production, Petitioner seeks an order directing the State of Kansas to provide, at no cost to Petitioner, the video recordings of his first appearances in state-court cases number 2018-CR-1895-FE and 2018-CR-002205-MB. (Doc. 5, p. 1.) He also seeks no-cost transcripts of: both first appearances; an August 31, 2018 motion hearing and a January 18, 2019 status conference in case number 2018-CR-001895-FE; and the February 4, 2019 trial in case number 2018-CR-002205-MB. *Id.* at 1-2. Petitioner explains in the motion the relevant information that will be found in each recording and transcript, and he explains that he is unable to pay for these records himself. *Id.* at 2-4.

Petitioner seeks the same transcripts in his motion for payment of transcripts, again asking that they be provided at the expense of the government. (Doc. 7, p. 6.) He cites 28 U.S.C. § 753(f), which states that fees for transcripts furnished in 28 U.S.C. § 2255 proceedings to petitioners who proceed in forma pauperis "shall be paid by the United States out of moneys appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." This provision has been held to apply to § 2254 petitioners as well, and the Tenth Circuit has consistently held that

---

[1] Rule 7 authorizes this Court to "direct the parties to expand the record by submitting additional materials relating to the petition."

an indigent petitioner seeking such state-court records must "demonstrate a particularized need for them." *See Torres v. Tapia*, 396 Fed. Appx. 545, 551 (10th Cir. 2010) (unpublished) (citing *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992)); *see also Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993) ("[B]efore an [indigent prisoner] is entitled to a free transcript, he must make the particularized showing required by [§ 753(f)].")..

As Petitioner points out, at least one of the issues presented in the petition is not frivolous. (*See* Doc. 4 (stating that Ground One is sufficient to pass the initial screening phase, which includes review of issues and dismissal if they are frivolous).) Liberally construing the motions, as is appropriate since Petitioner proceeds pro se, it appears that the asserted "particularized need" for the requested transcripts and videos is largely based on Petitioner's desire for the Court to see the parts of the state-court records that Petitioner asserts support his arguments. (Doc. 5, p. 4; Doc. 7, p. 5.) If this is Petitioner's basis for seeking production of the records, he is assured that the Court will have before it all necessary records if and when a decision on the merits is made.

Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts requires the respondent to submit to the Court any "parts of the transcript that the respondent considers relevant." Rule 5 also authorizes the judge to "order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished." Moreover, when ordering a respondent to file an answer to a petition seeking relief under 28 U.S.C. § 2254, it is the Court's practice to order the respondent to provide to the Court the records and transcripts of the criminal proceedings complained of by Petitioner, any appeal, and any subsequent postconviction proceedings. *See, e.g.*, *Bell v. Williams*, 2023 WL 6312542, *2 (D. Kan. Sept. 28, 2023) (unpublished order); *Williams v. Langford*, 2023 WL 2631533, *5 (D. Kan. March 24, 2023) (unpublished order).

To the extent that Petitioner seeks a copy of the identified records for his own personal possession under 28 U.S.C. § 753(f) and the related caselaw, however, he must show a particularized need for a personal copy of the transcript. Petitioner has demonstrated both in his petition and in the motions now before the Court that he is well aware of the contents of the records he seeks. His petition ably sets out his arguments and identifies the relevant proceedings in the state courts. At this point in time, Petitioner has not identified a particularized need to personally possess a copy of those records. Thus, the motion for production and the motion for payment of transcripts will be denied.

**IT IS THEREFORE ORDERED** that the motion for production (Doc. 5), the motion for transportation (Doc. 6), and the motion for payment of transcripts (Doc. 7) are **denied**.

**IT IS SO ORDERED.**

DATED:   This 27th day of December, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge