IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD ARNOLD WARREN, JR.,

                      **Petitioner,**

      v.                                                CASE NO. 22-3308-JWL

TOMMY WILLIAMS[1],

                      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Petitioner and state prisoner Edward Arnold Warren, Jr., who proceeds in forma pauperis. (Doc. 4.) On November 29, 2023, the Court issued a Notice and Order to Show Cause (NOSC) explaining its conclusion that two of the three grounds for relief asserted in the petition are subject to dismissal for failure to state a claim on which habeas relief can be granted. (Doc. 4, p. 4-7.) The NOSC directed Petitioner to show cause why Grounds Two and Three should not be summarily dismissed without prejudice or, in the alternative, to submit a complete and proper amended petition containing only claims on which federal habeas relief may be granted. *Id.* at 7. This matter comes now before the Court on Petitioner's response to the NOSC (Doc. 12) and his motion to appoint counsel (Doc. 11).

In the motion to appoint counsel, Petitioner explains that he has been transferred from the

---

[1] The proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Tommy Williams, the current warden of El Dorado Correctional Facility, where Petitioner is now confined (*See* Doc. 8), is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

1

Sedgwick County Adult Detention Facility to the custody of the Kansas Department of Corrections (KDOC) and is housed at El Dorado Correctional Facility (EDCF). (Doc. 11, p. 1.) Petitioner is currently locked down 23 hours per day and he will remain in the Reception & Diagnostic Unit (RDU) at EDCF for the next 6 to 8 weeks, during which time he will not have access to a prison law library or writing materials. *Id.* at 1-2. After his time in the RDU, Petitioner anticipates being transferred to another KDOC facility.

In his response to the NOSC, Petitioner explains that because of the restrictions in the RDU, he is "unable to amend Grounds Two or Three" and thus would like to proceed on Ground One only. (Doc. 12, p. 2.) He also seeks transport back to Sedgwick County Adult Detention Facility and/or appointment of counsel to represent him in this matter. *Id.* To the extent that Petitioner seeks transport, the request is denied for the reasons stated in the December 27, 2023 Memorandum and Order denying Petitioner's previous motion for transportation. (*See* Doc. 9, p. 1.)

To the extent that the response seeks counsel "to prevent a [m]anifest [i]njustice," *id.* at 2, the Court will consider it in conjunction with the motion to appoint counsel currently before the Court. In addition to setting forth the conditions at the RDU, the motion to appoint counsel points out Petitioner's anticipated transfer to another facility, expressing concern that his transcripts and records may not follow him when he is transferred. (Doc. 11, p. 2.) Finally, Petitioner explains that he will be subject to deadlines "whenever the Judge[] rules at any stage." *Id.*

Generally speaking, Petitioner has no constitutional right to counsel in a federal habeas corpus action.[2] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the

---

[2] If discovery is authorized in this matter or if an evidentiary hearing is warranted, the Court may consider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rules 6 and 8, 28 U.S.C.A. foll. § 2254.

interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Despite the restrictions under which Petitioner is confined at the RDU, the Court concludes that it is not in the interest of justice to appoint counsel. It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In accordance with Petitioner's request in his response to the NOSC, this matter will proceed on Ground One only. Petitioner has ably articulated his habeas claim in Ground One and his arguments therein do not appear to need additional investigation at this time and are not of unusual complexity.

The Court will order Respondent to file an answer showing cause why the writ should not be granted on the basis of the arguments in Ground One. After the answer is filed, Petitioner will be afforded time in which to file a traverse, or reply, to the answer. If Petitioner is still housed in the RDU after the answer is filed or his housing restrictions otherwise limit his ability to prepare and submit a traverse to the extent that the interest of justice requires the appointment of counsel, Petitioner may renew his motion for appointment of counsel at that time or he may seek additional time in which to prepare and submit a traverse.

The Court has completed reviewing the petition as required by Rule 4 of the Rules

Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in Ground One of his petition.

**IT IS THEREFORE ORDERED**

1. That Tommy Williams, Warden of El Dorado Correctional Facility, where Petitioner is now confined, is substituted as Respondent in this matter.

2. That the motion to appoint counsel (Doc. 12) is **denied without prejudice**.

3. That Grounds Two and Three of this matter are **dismissed without prejudice** for failure to state a claim on which habeas relief can be granted.

4. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **March 4, 2024** showing why the writ should not be granted based on the arguments in Ground One of the petition and attachments thereto.

5. That the answer should address:

    a. The necessity for an evidentiary hearing on Ground One as alleged in Petitioner's pleading;

    b. Whether the argument in Ground One of the petition is barred by a statute of limitations or any other procedural bar; and

    c. An analysis of Ground One and any cases and supporting documents relied

upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

6. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

7. That Petitioner be granted to and including **April 4, 2024** to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

8. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 4th day of January, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
