**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EDWARD ARNOLD WARREN, JR.,**

**Petitioner,**

v.                                                            **CASE NO. 23-3251-JWL**

**TOMMY WILLIAMS,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner and state prisoner Edward Arnold Warren, Jr. proceeds pro se and in forma pauperis and argues that his request to proceed pro se in state court criminal proceedings was unconstitutionally denied. Having considered Petitioner's claim, together with the state-court record and relevant legal precedent, the Court concludes that the claim is procedurally defaulted. Because Petitioner has not shown the required cause and prejudice, nor has he made a colorable claim that a fundamental miscarriage of justice will occur if this Court does not consider the claim, the Court is required to refrain from considering the merits of the claim. Thus, the petition will be denied.

**Factual and Procedural Background[1]**

The parties are well aware of the facts underlying this matter and the specific details that led to this federal habeas action need not be detailed herein. Highly summarized, Petitioner was criminally charged in Sedgwick County District Court with domestic battery and the state court issued a protective order prohibiting contact with the alleged victim. (Doc. 1, p. 6; Doc. 2-1, p.

---

[1] Additional facts are included in the analysis section of this memorandum and order as needed.

1

23.) At his first appearance in a second case that also charged Petitioner with domestic battery of the same victim, Petitioner advised the state district judge that he wished to represent himself. (Doc. 1, p. 5; Doc. 2-1, p. 23.) Despite this, the state district court appointed an attorney to represent Petitioner in both criminal cases. (Doc. 1, p. 5; Doc. 2-1, p. 23.) By the time Petitioner's request to proceed pro se was ultimately granted, Petitioner had made multiple calls to the victim from jail; based on these calls, he was charged in a third case with multiple counts of violating a protective order. (Doc. 1, p. 5; Doc. 2-1, p. 23.) On February 5, 2019, a jury convicted Petitioner of 21 counts of violation of a protective order and the district court sentenced him the following month to a total of 73.5 months' imprisonment.[2] (Doc. 1, p. 1-2.) These are the convictions and sentences Petitioner challenges in this federal habeas action.

Petitioner appealed the convictions and the Kansas Court of Appeals (KCOA) affirmed in an opinion issued in July 2020. *See State v. Warren*, 2020 WL 4035062 (Kan. Ct. App. July 17, 2020) (unpublished) (*Warren I*). In August 2020, Petitioner filed a motion seeking state habeas relief under K.S.A. 60-1507, which the state district court summarily denied in October 2020. (Doc. 1, p. 3.) Petitioner appealed, and in March 2022, the KCOA affirmed. *See Warren v. State*, 2022 WL 816313 (Kan. Ct. App. Mar. 18, 2022) (unpublished). In January 2023, Petitioner filed

---

[2] Respondent briefly asserts in the answer that Petitioner has "completed that sentence after filing the petition in this case." (Doc. 16, p. 3.) Petitioner confirms in the traverse that he was discharged on November 28, 2023 from the sentence imposed for violations of a protective order. (Doc. 18, p. 11.) Despite this, the Court does not doubt its jurisdiction to hear this matter because the United States Supreme Court has held that a § 2254 petitioner "incarcerated under consecutive sentences . . . remains 'in custody' under all of his sentences until all are served" and "may attack the conviction underlying the sentence scheduled to run first in the series" even if he has completed that sentence as long as he is still serving the consecutively run sentences. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). The Court takes judicial notice that the Sedgwick County District Court in a later case sentenced Petitioner to a term of imprisonment to be served consecutively to the sentence for the conviction at issue in this federal habeas action "and all others." *See State v. Warren*, Case No. 18CR1895, Journal Entry of Judgment filed October 11, 2019, p. 3-4; *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *see also Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, 931 F. Supp. 2d 1120, 1123 (D. Kan. 2013) ("[T]he Court may take judicial notice of public records from other proceedings."), *aff'd*, 564 Fed. Appx. 345 (10th Cir. 2014). Petitioner remains incarcerated at this time. Thus, this Court retains jurisdiction despite the parties' agreement that Petitioner has satisfied the sentence directly challenged in this federal habeas action.

a second K.S.A. 60-1507 motion. (Doc. 1, p. 3.) This motion was summarily denied and Petitioner

appealed the denial, but he withdrew his appeal on October 24, 2023. *Id.* at 3-4; (Doc. 2-1, p. 31).

Petitioner filed his petition for federal habeas relief under 28 U.S.C. § 2254 in November

2023. (Doc. 1, p. 14.) The Court conducted the review of the petition required by Rule 4 of the

Rules Governing § 2254 Cases in the United States District Courts and concluded that two of the

three grounds for relief asserted in the petition failed to state a plausible claim for federal habeas

relief. (*See* Doc. 4, p. 4-7.) The Court therefore issued a notice and order to show cause directing

Petitioner to either show cause, in writing, why Grounds Two and Three should not be dismissed

without prejudice or file an amended petition containing only claims on which federal habeas relief

may be granted. *Id.* at 7.

Petitioner timely advised that he wished to proceed in this matter on Ground One only.

(Doc. 12, p. 2.) Ground One alleges the violation of Petitioner's constitutional right under the Sixth

Amendment, made applicable to the States by the Fourteenth Amendment, to represent himself

during his state criminal proceedings. (Doc. 1, p. 5; Doc. 2, p. 1.) More specifically, Petitioner

articulates Ground One as follows:

> **GROUND ONE:** An unwanted attorney was forced on defendant after he
> expressed he wanted to be Pro-Se.
>
> (a) Supporting facts (Do not argue or cite law. Just state the specific facts that
> support your claim): On July 17, 2018, at First Appearance Vid[e]o Court, Judge
> Eric N. Williams, Division 6 for case number 2018-CR-001895-FE appointed an
> attorney after the Defendant expressed his wishes several times that he wanted to
> be Self-Represented (Pro-Se). Due to this Event the Defendant was charged in
> 2018-CR-002205 for Phone Calls due to He was not counsel of Record.

(Doc. 1, p. 5 (all errors in original).) Liberally construing Petitioner's arguments, he believes that

if he had been granted pro se status when he first requested it in July 2018 in his first two criminal

cases, he would not have been later charged in the third case with violating the protective order.

Because there is a constitutional right to self-representation and Petitioner alleges his request to represent himself was denied without the required judicial inquiry, Petitioner argues that the convictions for violating a protective order must be vacated. The Court directed Respondent Tommy Williams to file an answer showing cause why the writ should not be granted based on the arguments in Ground One. (Doc. 13-1.) Respondent timely filed his answer on February 28, 2024 (Doc. 16) and Petitioner timely filed his traverse on April 1, 2024 (Doc. 18).

## Exhaustion and Procedural Default

As a threshold matter, Respondent argues that Ground One is unexhausted[3] and any attempt to return to the state courts to exhaust it would be untimely and successive, so the claim is subject to an anticipatory procedural bar that renders it defaulted.[4] (Doc. 16, p. 10-14.) The Court's independent review of the state-court records confirms Respondent's position, which Petitioner does not dispute. As both parties acknowledge, when a claim is procedurally defaulted, federal courts will not consider the merits of the claim unless the habeas petitioner either shows (1) cause for the default and "actual prejudice" that occurred "as a result of the alleged violation of federal law" or (2) that a fundamental miscarriage of justice will occur if the federal court fails to consider

---

[3] In the answer, Respondent asserts that exhaustion requires that "[t]he precise constitutional issue must be presented to the highest court of the state to meet the exhaustion requirement," citing *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). (Doc. 16, p. 11.) But as of July 1, 2018, Kansas no longer requires parties to present arguments to the supreme court to exhaust them. *See* Kan. S. Ct. R. 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). Thus, contrary to Respondent's assertion, exhaustion required only that Petitioner present the argument to the Kansas Court of Appeals.

[4] Petitioner did not raise the claim in his direct appeal, which is the usual avenue by which to assert trial errors. *See* Kan. S. Ct. R. 183(c)(3) ("Mere trial errors must be corrected by direct appeal."). Although "trial errors affecting constitutional rights may be raised" in a K.S.A. 60-1507 motion "provided exceptional circumstances excuse the failure to appeal," *see id.*, Petitioner did not raise the claim in his first K.S.A. 60-1507 motion. Moreover, the state district court denied Petitioner's second K.S.A. 60-1507 motion as untimely and successive. (*See* Doc. 17-16, p. 36-39 (State's response asserting the second K.S.A. 60-1507 motion was untimely and successive) and p. 41 (district court order denying K.S.A. 60-1507 motion and adopting reasoning of the State).) There is no reason to believe future K.S.A. 60-1507 motions would meet a different fate. *See* K.S.A. 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.").

the defaulted claim. (Doc. 16, p. 13; Doc. 18, p. 4.) *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Coleman*, 501 U.S. at 750). Petitioner asserts entitlement to both exceptions. (Doc. 18, p. 4-12.)

### Cause and Prejudice

Petitioner first argues that he can show the type of cause and prejudice that would allow this Court to consider the merits of Ground One. (Doc. 18, p. 5.) To demonstrate cause for the procedural default, petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

Petitioner does not argue that the factual or legal basis for his claim was not reasonably available to him when he pursued his direct appeal. In fact, he identifies instances in which he argued to the state district courts that "an attorney was forced on him" and he also made this argument in his notice of appeal that led to the direct appeal. (Doc. 18, p. 5-6.) He identifies as the cause for his failure to raise this issue to the state courts the ineffective assistance of direct-appeal counsel, whom he contends refused his requests to make the Sixth Amendment self-representation argument to the KCOA. *Id.* at 6; (Doc. 2-1, p. 13-18).

The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an

independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). In the appeal from the denial of his first K.S.A. 60-1507 motion, Petitioner argued in relevant part:

> [Direct-appeal counsel] was further ineffective in failing to fully brief the issue of the District Court forcing Petitioner to accept against his will a court-appointed attorney, the effect this had on his ability to conduct an investigation by questioning a witness, and how this violated his Fifth, Sixth and Fourteenth Amendment rights. Forcing Petitioner "to accept against his will a state-appointed public defender, the [District Court] deprived him of his constitutional right to conduct his own defense." *Faretta v. Cal.*, 422 U.S. 806, 836 [(1975)].

> While it was a separate criminal case in which the District Court forced said representation, it nevertheless resulted in a violation of Petitioner's constitutional rights in this case. "[I]mplicit in the Fifth Amendment's guarantee of due process of law, and implicit also in the Sixth Amendment's guarantee of a right to the assistance of counsel, is 'the right of the accused personally to manage and conduct his own defense in a criminal case.'" *Id.* at 817 (citing *United States v. Plattner*, 330 F.2d 271, 274 ([2nd Cir. ]1964)).

> K.S.A. 21-5924(c) provides that "No protective order, as set forth in this section, shall be construed to prohibit an attorney, or any person acting on such attorney's behalf, who is representing the defendant in any civil or criminal proceeding, from contacting the protected party for a legitimate purpose within the scope of the civil or criminal proceeding." In order not to violate the implicit protections of the Fifth and Sixth Amendments for an accused to conduct their own defense, the exception set forth above must apply to persons representing themselves.

> The State of Kansas violated Petitioner's right to represent himself by charging him with the Violations of a Protective Order; and pursuant to the decision in *F[a]retta*, the case should have been dismissed. By failing to fully brief this issue, [direct-appeal counsel's] representation fell below an objective standard of reasonableness. Further, pursuant to the reasons set forth above, there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. Accordingly, Petitioner was prejudiced by [direct-appeal counsel's] failure to fully brief the violations of his Sixth Amendment rights.

(Doc. 17-22, p. 9-11.)

Based on the language quoted above, the Court concludes that Petitioner sufficiently raised

6

to the KCOA the claim that direct-appeal counsel was unconstitutionally ineffective for failing to raise the arguments now contained in Ground One. The KCOA first set forth the applicable standards for determining whether counsel was unconstitutionally deficient, explaining:

> To prevail on a 60-1507 motion [alleging ineffective assistance of counsel], a convicted defendant must show both that his or her legal representation "fell below an objective standard of reasonableness" guaranteed by the right to counsel in the Sixth Amendment to the United States Constitution and that absent the substandard lawyering there is "a reasonable probability" the outcome in the criminal case would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 [(1984)]. . . .

*Warren*, 2022 WL 816313, at *2.

The KCOA noted that because the state district court had not held an evidentiary hearing on the K.S.A. 60-1507 motion, it could not gauge direct-appeal counsel's strategic decisions. It could, however, consider whether Petitioner had shown sufficient prejudice resulted from the allegedly ineffective assistance of counsel. *Id.* at *3. After addressing Petitioner's other reasons for claiming that direct-appeal counsel was deficient, the KCOA turned to the argument involving the impact of Petitioner's motions for self-representation in the other cases on the protective order. It reasoned:

> First, of course, there is no rule that a criminal defendant who has filed a motion for self-representation gets to act as his or her own lawyer before the district court decides the motion. Warren cites no authority supporting his proposition. Such an interim-relief rule would create knotty problems, especially if a district court were to deny the motion for self-representation.

> Second, even crediting Warren's idea—which we do not—the conduct charged in this case would not be privileged under K.S.A. 2020 Supp. 21-5924(c). The privilege expressly applies only to "an attorney" and "any person acting on such attorney's behalf." K.S.A. 2020 Supp. 21-5924(c). Self-represented defendants may be functioning as their own lawyers. But they do not become licensed attorneys in that capacity; and, in turn, they do not act on behalf of a licensed attorney. Assuming without deciding that a self-represented defendant might be entitled to some form of privilege under K.S.A. 2020 Supp. 21-5924(c), a district court could then carefully regulate any communication. For example, a district court could require any communication with a person shielded by a

protective order to be conducted through a standby counsel. More generally, a person has no obligation to speak with a lawyer or investigator acting either for the State or for the defense, so a district court could appoint a special master to find out if the individual even wanted to talk at all. Similarly, a special master could monitor an agreed-upon interview to guard against improper questioning or harassment of the protected person.

Finally, the privilege in K.S.A. 2020 Supp. 21-5924(c) extends only to contacts for a legitimate purpose and, presumably, undertaken in a legitimate manner. Twenty calls in less than a month from a lawyer to a person who did not want to talk likely would be improper even if no protective order were in place. Warren's telephonic barrage of A.H. exceeded the scope of K.S.A. 2020 Supp. 21-5924(c), assuming it applied. In short, Warren's argument doesn't measure up. He can't show any legal prejudice on this point.

*Warren*, 2022 WL 816313, at *2-4.

The United States Supreme Court has instructed that in order for ineffective assistance of direct-appeal counsel to constitute cause for Petitioner's failure to exhaust his arguments in the state courts, "the assistance must have been so ineffective as to violate the Federal Constitution." *See Edwards*, 529 U.S. at 451. In the instant case, the KCOA rejected the ineffective assistance claim on its merits. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), which governs federal habeas petitions brought under 28 U.S.C. § 2254, when a state court has adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

This standard of review equally applies when this Court is reviewing the question of whether ineffective assistance of counsel occurred that establishes cause to excuse the procedural default of a separate constitutional claim raised in a federal habeas action. In other words, if a state appellate court has rejected the relevant ineffective assistance of counsel claim, a federal habeas

applicant wishing to use that allegedly ineffective assistance as cause to excuse procedural default of a claim must demonstrate that the state appellate court's holding that there was no ineffective assistance was (1) contrary to or an unreasonable application of clearly established federal law or (2) based on an unreasonable determination of the facts. *See Gaines v. Workman*, 326 Fed. Appx. 449, 452 (10th Cir. Mar. 31, 2009) (unpublished) (rejecting argument that ineffective assistance of counsel was cause to excuse procedural default of habeas claim when petitioner had "raised an ineffective assistance of counsel claim in his state habeas motion, which the [state appellate court] rejected" and the "rejection of [the] claim of ineffective assistance of counsel . . . was not contrary to or an unreasonable application of" clearly established federal law); *see also* 28 U.S.C. § 2254(d)(1)-(2).

An "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted).

> [A] state-court decision is "contrary to" the Supreme Court's clearly established precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from that precedent."

*Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-08 (2000)). Additionally, this Court presumes the correctness of the fact-finding by the state court unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

Although Petitioner identifies the ineffective assistance of direct-appeal counsel as cause for the procedural default of Ground One, he does not address the KCOA's decision that direct-

9

appeal counsel was not ineffective for failing to make the arguments in question. Additionally, an independent review of the record establishes that the KCOA's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). The KCOA applied the correct legal standards and this Court has no grounds to disturb its decision that direct-appeal counsel's failure to argue *Faretta* did not constitute ineffective assistance of counsel. Thus, this Court cannot find that direct-appeal counsel provided ineffective assistance, nor can it find that ineffective assistance constitutes cause to excuse the procedural default of Ground One.

## Fundamental Miscarriage of Justice

Petitioner also argues that this Court should excuse his procedural default of Ground One because failure to consider the claim on its merits would result in a fundamental miscarriage of justice.[5] (Doc. 18, p. 10-11.) To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). "This exception to the general rule barring consideration of defaulted claims "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than

---

[5] To the extent that Petitioner argues "manifest injustice" and cites *Vontress v. State*, 299 Kan. 607, 616 (2014),(*see* Doc. 18, p. 9-10), his arguments are irrelevant and unpersuasive. First, *Vontress* was superseded by statute and is no longer good law. *See Hayes v. State*, 307 Kan. 9, 13-15 (2017). Second, the *Vontress* factors were relevant to determining whether a state district court could consider untimely K.S.A. 60-1507 motions under the statutory clause that allowed extension of the deadline for filing in order "to prevent a manifest injustice." Even when *Vontress* was good law, it was not relevant to a federal court's analysis of whether the failure to consider a procedurally defaulted habeas claim from a state prisoner would cause a fundamental miscarriage of justice.

not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner asserts his factual innocence, pointing out that the phone calls that resulted in the charges of violating a protective order were admitted into evidence in another criminal case in which he was "found Not Guilty of every charge involving the victim." (Doc. 18, p. 10.) This argument is unpersuasive. The question here is whether Petitioner has made "a colorable showing of factual innocence" of the crimes of conviction. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). He has not done so here and the Court's independent review of the record indicates that Petitioner is not factually innocent of violating a protective order.

The Court recognizes that Petitioner consistently argued to the state courts that they must adopt his preferred interpretation of the relevant state statute, which would exempt Petitioner from the restrictions the protective order placed on contact with the victim. But the state courts have consistently rejected Petitioner's arguments and interpreted the state statute differently. "Federal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. "'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'" *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021)(quoting *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999)).

### Evidentiary Hearing

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines that an evidentiary hearing is not required in this matter. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474

11

(2007); *see also Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."). The record in this case is sufficient to preclude habeas relief.

### Conclusion

In conclusion, the Court agrees with the parties that the sole claim for relief remaining in this federal habeas action is subject to an anticipatory procedural bar. That means that this Court may not consider the merits of the claim unless Petitioner shows cause for procedurally defaulting the claim in state court and prejudice from the alleged constitutional violation or Petitioner shows that the failure to consider the claim would result in a fundamental miscarriage of justice. Here, Petitioner has done neither. Thus, this Court may not consider the merits of the claim for federal habeas relief and denies relief.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason.

Moreover, to the extent that the Court's analysis of the KCOA's holding that direct-appeal counsel was not unconstitutionally deficient could be considered substantive analysis, a certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of

a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253. Having considered the record, the Court finds that Petitioner has not made a substantial showing of constitutional error in the state courts. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus is denied. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 17th day of April, 2024, at Kansas City, Kansas.


s/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge